Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
## for the
_____ District of _____

_____ Division

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 03 2025

MITCHELL R. ELFERS
CLERK

Louis Sonstegard, MD

Case No. CV 25-636 DLM

_(to be filled in by the Clerk's Office)_

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_

-v-

Hidalgo Medical Services
Dan Otero, CEO

_Defendant(s)_
_(Write the full name of each defendant who is being sued. If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names.)_

Jury Trial: _(check one)_ ☐ Yes ☐ No

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Louis Sonstegard |
| Street Address | 220 Devin Lane |
| City and County | Long Lake |
| State and Zip Code | MN 55356 Hennepin County |
| Telephone Number | 92-200-6539 |
| E-mail Address | lois@ljlinc.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Hidalgo Medical Services |
| Street Address | 530 DeMoss St |
| City and County | Lordsburg  Hidalgo County |
| State and Zip Code | New Mexico 88045 |
| Telephone Number | (575) 800-1467 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

New Mexico

☐ Relevant city or county law *(specify, if known)*:

Hidalgo County

Attachment B

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

April 8, 2025 right to sue letter was received

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*    04/08/2025    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*    Attachment C

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Attachment A

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 1, 2025

Signature of Plaintiff

Printed Name of Plaintiff    LOUIS J SONSTEGARD

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



April 19, 2023

Louis Sonstegard
drsonstegard@yahoo.com

Dear Dr. Sonstegard

It was nice talking with you again today. We look forward to you joining the HMS team and serving the Hidalgo County residents. Please accept this letter as a description of the compensation and benefit package. Keep in mind that this preliminary information and may not be all-inclusive. We can discuss further details and incorporate them into our final contractual agreement. The compensation listed below is calculated at a full time (1.0 FTE) rate. Actual employment with Hidalgo Medical Services is contingent upon the execution of an employment agreement, and New Mexico licensure and receipt of other credentialing requirements.

Our discussion includes the following parameters:

1. Salary compensation

| | |
|---|---|
| Base Salary | $ 285,000.00 |
| Sign on Bonus | $ 40,000.00 |
| HMS Contribution towards Health, Dental, Life, Disability | $ 10,800.00 |
| HMS 3% 401(k) contribution | $ 8,550.00 |
| CME Allowance | $ 4,000.00 |
| Total Salary compensation | $ 348,350.00 |

2. Paid Days Off
   Holiday pay according to HMS Policies and Procedures
   80 Hours of CE
3. Malpractice insurance coverage through the Federal Tort Claims Act (FTCA)
4. Participation in the HMS sponsored 401(k) retirement plan
5. Reimbursement for moving expenses
6. Offer includes housing at HMS-owned home, at no cost to Provider. Utilities to be responsibility of Provider.

The first installment of the sign on bonus in the amount of $20,000.00 will be paid upon execution of the employment agreement. The second installment will be paid after 90-days of employment.

The sign on/retention bonus will be paid to the Provider in consideration for Provider's agreement to remain in the employ of HMS for three (3) years from the date of hire. If Provider voluntarily terminates his/her employment, or is terminated for cause prior to the designated three (3) year period, Provider shall repay HMS a prorated share of the retention bonus. Repayment shall be prorated on a monthly basis.

If these terms are agreeable to you, please notify me by email and we will forward an employment contract for your review.

Sincerely,
Dan Otero, DBA, CEO
Isaac Saucedo, PA, ICMO

Accepted

Attachment B

Dr. Sonstegard was hired by Hidalgo Medical Services as a primary care physician with a three year contract beginning September 1, 2023. He was only able to observe in the clinic from September 1, 2023 until November 6, 2023 because HMS had not completed the licensure process for him.

On November 6, 2023 he began seeing patients. On November 9, 2023, three days later, he was walked out and put on medical leave because of his hearing and because of concerns a Nurse Practitioner had with his care. The Nurse Practitioner alleged that his hearing was inadequate, his use of a port for and IV was inappropriate, and a vaginal examination on a hysterectomized patient was not according to standards. At no time did another medical doctor review his practice or the quality of his care. Dr Sonstegard was asked to undergo a work fitness assessment which he did with the Wellness Center, an organization that HMS selected. The meeting was conducted over Zoom and was recorded. At the conclusion of the assessment, the doctor stated there were no problems evident. HMS then sent emails from the Nurse Practitioner, an RN and a aide stating their concerns and together they determined further assessment was needed. The center to which they referred him was in Kansas, and upon investigation, Dr. Sonstegard learned that the agency to which he had been referred did not have a reputable reputation and he declined.

In order to address HMS concerns in a timely fashion, Dr. Sonstegard had his hearing tested on 11/24/2023 by Ear Nose Throat Specialty Care in Minnesota. They found no basis for concern with his hearing. Accordingly, Dr. Sonstegard's hearing has been assessed by a medical professional and does not provide a basis for termination. The goal of the discussion with New Mexico Health Professional Wellness Program, as described to Dr. Sonstegard was to assess HMS's concerns of diminution of long- and short-term memory, cognition or reasoning. On 12/4/2023, Dr. Sonstegard attended a virtual consultation with New Mexico Health Professional Wellness Program. During that discussion, Dr Nelson (who conducted the assessment), noted "I am not detecting things of concern in our conversation. I probably need to speak to HR, or the supervisor or somebody and try to figure out what their perspective is." Subsequently, in the report provided to Dr. Sonstegard on 12/30/2023, Dr. Nelsons, the assessor was unable to identify issues in long- or short-term memory, cognition or reasoning. HMS, however, wanted additional testing and sent emails to Dr. Nelson with statements obtained after the fact from the Nurse Practitioner, nurse and aide and suggested to Dr. Nelson that additional testing should be conducted.

*Dragon were not implemented in a timely manner. Training for DAX and Dragon were scheduled multiple times and then they were cancelled with the most recent training proposed for DAX was 11/21/2023 with go-live expected 11/27/2023, both dates which occurred following my being placed on administrative leave. Dragon was made available at the same time I was put on medical leave.*

*In order to accommodate HMS, I agreed to work with a scribe to document care. The scribe HMS provided me had never performed scribe duties.  HMS removed the scribe before implementing Dragon or DAX for my use.*

*I have not been offered the opportunity to discuss the appropriateness of my care. In no case does any description of my care provide a basis for my termination.*

*Louis Sonstegard, MD*

Exhibit A was filed with the NPDB by legal counsel concerning this matter.

## Exhibit A

Louis Jay Sonstegard, M.D. ("Charging Party") asserts that Hidalgo Medical Services ("Respondent") discriminated against him on the basis of age.

Charging Party's employment by Respondent began on or about September 1, 2023. Respondent hired Charging Party to provide professional primary health care to Respondent's patients, as per his written Professional Services Agreement ("Agreement"). At all relevant times, Charging Party was fully qualified for his job and performed his essential job duties in compliance with the Agreement and all applicable legal and professional standards.

After Charging Party saw patients for only a few days, Respondent immediately suspended him and required him to undergo a fitness for duty evaluation. Unknown to Charging Party at the time, Respondent suspended Charging Party based on a few remarks (which appear to be solicited by Respondent) that were blatantly based on Respondent's age. Specifically, the ageist remarks included remarks about Charging Party's hearing and cognition. Charging Party's hearing was tested and the results showed his hearing was good. His cognition was tested during a fitness for duty evaluation, and the physician-evaluator told Charging Party she did not detect anything of concern. Nevertheless, based on the ageist remarks produced by HMS, the physician-evaluator recommended and HMS required Charging Party to complete a further in-patient fitness for duty evaluation at a separate facility. Given the poor reputation of the facility and that there was no need for additional testing based on the ageist remarks produced and repeated by Respondent, Charging Party declined to submit to additional testing. On January 12, 2024, Respondent terminated Charging Party's employment with cause based on its alleged "reasonable belief that you are incompetent, or the health and safety of patients is endangered." These statements are false and pretext for Respondent's decision to terminate Charging Party based on his age.

Respondent's continuing actions were discriminatory in nature based on Charging Party's age.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**El Paso Area Office**
100 N. Stanton Street, Suite 600
El Paso, TX 79901
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/08/2025

**To:** Louis Jay Sonstegard
2140 Pinehurst Drive
Chanhassen, MN 55317

Charge No: 453-2024-01202

EEOC Representative and email:    Susana Nahas
EEO Federal Investigator
susana.nahas@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 453-2024-01202.

On behalf of the Commission,

Digitally Signed By: Elizabeth Porras
04/08/2025
Elizabeth Porras
Area Office Director

**Cc:**
Danny Jarrett
Jackson Lewis P.C.
500 MARQUETTE AVE NW STE 1050
Albuquerque, NM 87102

Melina Valladares
Jackson Lewis P.C.
500 MARQUETTE AVE NW STE 1050
Albuquerque, NM 87102

Cathy Diaz
HMS
530 De Moss St
Lordsburg, NM 88045

Toni Harris
Jackson Lewis P.C.
500 MARQUETTE AVE NW STE 1050
Albuquerque, NM 87102

Caitlin Lentz
1450 Greene Street, Suite 3600
Augusta, GA 30901


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 453-2024-01202 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 453-2024-01202 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

Enclosure with EEOC Notice of Closure and Rights (01/22)

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

**RCVD by EEOC 05/09/2024**

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**453-2024-01202** |
|---|---|---|

**Human Rights Bureau, New Mexico Department of Workforce Solutions**   and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>~~Louis Jay Sonstegard, M.D.~~ | Home Phone (Incl. Area Code)<br>~~(952) 200-8559~~ | Date of Birth<br>~~05/05/1946~~ |
|---|---|---|

| Street Address<br>2140 Pinehurst Drive | City, State and ZIP Code<br>Chanhassen, Minnesota 55317 | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>Hidalgo Medical Services | No. Employees, Members<br>**15+** | Phone No. (Include Area Code)<br>(575) 800-1467 |
|---|---|---|

| Street Address<br>530 DeMoss Street (P.O. Box 550) | City, State and ZIP Code<br>Lordsburg, NM 88045 | |
|---|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**

| Earliest | Latest |
|---|---|
| 09/01/2023 | 01/26/2024 |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached Exhibit A.

DAVID ALLAN SHINGLEDECKER
Notary Public
Minnesota
My Commission Expires
Jan 31, 2027

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Date ~7/7/24~<br>Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*<br>May 7th, 2024 |

ORIGIN ID:SYNA  (952) 200-6539
LOIS JEAN SONSTEGARD

2140 PINEHURST DR

CHANHASSEN, MN 55317
UNITED STATES US

SHIP DATE: 02JUL25
ACTWGT: 0.20 LB
CAD: 006995059/SSFE2600

BILL CREDIT CARD

TO  **CLERK'S OFFICE 2ND FLOOR**
**PETE V. DOMENICI US COURTHOUSE**
**333 LOMAS BLVD NW**

**ALBUQUERQUE NM 87102**

(505) 348-2000       REF:
INV:
PO:                           DEPT:

FedEx
Express

E

TRK# 3906 2096 3427
0201

THU – 03 JUL 10:30A
PRIORITY OVERNIGHT



FedEx.
TRK# 3906 2096 3427
0201

THU – 03 JUL AA
PRIORITY OVERNIGHT
DSR

87102
NM-US
ABQ

**XX ONMA**



5178432 02Jul2025 MICA 581G3/D553/5FE5

Align bottom of peel-and-stick airbill or pouch here.